Supreme Court, New York Special Term, July, 1903. Reported.
86 N. Y. Supp. 1046.

In the Matter of the Application of PATRICK W. CULLINAN to Revoke the Liquor Tax Certificate of MAX J. PORGES.

*Herbert H. Kellogg,* for petitioner.

*Isidor Cohn,* for respondent.

McCALL, J.: This is an application to revoke and cancel a liquor tax certificate pursuant to the terms of subdivision 2 of section 28 of the Liquor Tax Law. At the time of the application, before Mr. Justice LEVENTRITT, the certificate holder raised the question of the constitutionality of this section of the Liquor Tax Act, but simultaneously he proceeded to comply with its requirements, and filed a verified answer, thereby waiving his rights. (See *Micha* case.) This, therefore, brings us to a consideration of the merits of the accusations made against the certificate holder, and they are embraced under two heads: *First,* having opened and unlocked the doors and entrances into the place where liquors were sold and kept for sale on said premises on Sunday, October 19, 1902. *Second,* Illegal sales of liquor on a Sunday to four different persons, to wit, the Excise Inspectors Senn. Frank, Churchill and Stillman. As to the first charge, the circumstances as revealed by the record are as follows: The premises are known by the street numbers 36 and 36½ Rivington Street, with entrances on Forsyth Street, known as Nos. 168 and 170. For some time prior to the date when both of these places came into the possession of the certificate holder they were occupied as two distinct places by two different tenants—one of them by Porges, as a saloon, and the other by one Kusmer as a restaurant. Porges subsequently acquired both places, and desiring to keep it divided, as originally it had existed, he constructed on the dividing line an adjustable partition, which on Sundays he closed, thus dividing his bar or saloon from his dining room or restaurant, and on week days he opened the partition by adjusting the doors between the columns that supported the large girder which sustained the weight of the upper part of the building, and at the same time marked the division of the rooms. There is no violation of the statute in maintaining such an arrangement—on the contrary, it affords proof of an intention and desire to comply with the

requirements of the law. The partition was a strong substantial one, extending from floor to ceiling, and on the particular Sunday when the violation of law is alleged to have occurred, it is undisputed by anything in the record that I can find, that it was tightly closed and distinctly and completely divided these two rooms; that access to the building was not had by the excise inspectors through the door that led to the bar room, but through another door that opened into the restaurant or dining room. It matters not that on the following Tuesday or Wednesday the doors of this partition between these supporting columns were opened, and that on either of these days the room in which the bar was located could be approached from this dining room or restaurant. The question before us is as to the condition existing on that Sunday, (October 19), and the testimony of the four officers of the State Department is conclusive on the point that the bar was entirely separate from this room on that day, and access to the barroom could not be had by customers of the place. I, therefore, find the charges as set out under the first head wholly unsustained. Now, as to the charges of illegal sale set out under the second head. The condition of the record as to this is very perplexing. This certificate holder conducts upon these premises a hotel, not one of the "mushroom" order, which recent legislation has been so prolific of, but a substantial hotel, about which the evidence in this case shows the State authorities to have said: "That it was the best furnished hotel on the East Side." Porges has been in this business for over twenty-six years, and the complaint contained in this petition the record shows to have been the first that was ever lodged against him; yet, four State inspectors testify that they entered his place on Sunday, October 19, and sitting at tables in a room containing many people, asked for and were furnished with whiskey and other drinks; that the whiskey was served from a bottle that was allowed to remain upon a table; and, further, that they were served with these drinks without ordering a meal. On the other hand, the testimony of the waiter who was then in the employ of Porges, but who has since left his employment, is that these four men asked for drinks, were told they could not have any except with meals, and that thereupon one of the number ordered a steak for two and sandwiches were ordered by the other; that at the table with two of these inspectors sat two other people, customers of the restaurant, who ordered eggs and stew; that drinks were then ordered and served, the

orders for the meals given to the kitchen, and that upon his return to the table when the food was ready, for the purpose of serving same, he finds that the two men who had ordered the steak had left the place, but the other two remained, paid for the sandwiches and drinks furnished them, and then also left; that as a result of the departure of the first two, without paying for their meal, the waiter had words with the cashier of the establishment on being compelled to pay for the meal himself, and the incident was actually the cause of the witness leaving the employment of Porges. The certificate holder also produced the two customers who sat at the table with these two inspectors, and their testimony corroborates the waiter in every essential particular. One of the State inspectors himself corroborates the waiter as to the order for the sandwiches although it is true he modifies his testimony at a subsequent hearing, before the referee, which under the circumstances only tends to cast a suspicion on the entire evidence given by him. Altogether the record in this case is wholly unsatisfactory, and where the results are so drastic, and there exists so much dubiety as to the State's case, the court is not warranted upon such questionable proof in issuing an order cancelling the certificate. The motion is therefore denied.